### 1124.   DAVIS *v.* THE STATE.

1. The first clause of § 989 of the Penal Code, which is in the following language: "When a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it. . . a presumption arises that the charge or claim is

well founded." is, in criminal cases where the accused relies solely upon his statement, applicable only when the statement discloses the existence of evidence which is accessible to the accused and not accessible to the State, or of such as it would be unreasonable for the State to use, on account of special relationship. The second clause of the section, which is as follows: "or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded," is not applicable in a criminal case where the accused introduces no evidence, but relies solely upon his own statement.

2. It was harmful error to give the entire section in charge where the party whose testimony may have been beneficial to the accused was present in the court-room during the trial and was equally "within the reach" of the State as "within the reach" of the accused, and where the latter introduced no evidence, but relied solely upon his own statement.

Accusation of assault and battery, from city court of Ashburn—Judge Hawkins. April 4, 1908.

Submitted May 5,—Decided June 18, 1908.

*R. L. Tipton,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

HILL, C. J. Ed Davis was convicted in the city court of Ashburn of an assault and battery. On the day the offense was committed the accused was employed at a planing mill, and had several boys, the party assaulted being among the number, working under him. While he was at work a block of wood fell against the side of his head, and he was told by one of the other boys that the prosecutor had thrown it at him. The prosecutor denied that he threw the block of wood, but stated that it got hung in the saw and fell down and suddenly hit the defendant. When told that the prosecutor had thrown the block which hit him, the defendant immediately took up a lath and struck the prosecutor several times with it on the shoulder and back. The assault and battery seems to have been, even according to the testimony of the prosecutor, very slight. The defendant introduced no testimony, but relied upon his statement to the jury, giving an account of the transaction. In this statement he claimed, that he was struck on the head with the block of wood, and that another negro boy told him that the prosecutor had hit him, and that for this reason he took up the lath and struck the prosecutor several blows. The negro boy who informed him that the prosecutor had hit him with the block of wood was in the court-room during the trial, but was not

introduced as a witness. He was, however, equally accessible to both sides. The jury found the defendant guilty, but recommended clemency in the sentence. The defendant made a motion for a new trial, which was overruled, and the case came to this court.

The general grounds may be disposed of by the statement that the jury passed upon the defense of justification of the assault, and probably gave it due weight. Three special grounds of error are assigned. Two of them we do not consider it necessary to decide, as the alleged errors probably will not occur on a second trial. The other assignment of error, we think, is well taken. As before stated, the defendant relied entirely upon his own statement. He did not introduce the negro boy who told him that the prosecutor struck him with the block of wood. The failure of the defendant to introduce this witness, whose statement he had relied upon as a justification for the assault and battery, probably led the court to give in charge §989 of the Penal Code, which is in the following language: "When a party has evidence in his power and within his reach, by which he may repel a charge or claim against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." It is insisted, that this instruction was erroneous because not appropriate to the case; that it was likely to confuse the minds of the jury; that the latter part of the instruction conveyed an intimation by the court that the statement of the defendant was of a weaker and inferior nature as evidence; and that, as the defendant relied upon his statement alone, the jury may have thought that a presumption was thereby raised against the defendant. This section of the code is codified from the common law. Mr. Starkie, in his work on Evidence, 846, says: "If, on the supposition that a charge or claim is unfounded, the party against whom it is made has evidence within his reach by which he may repel that which is offered to his prejudice, the omission to do so supplies a strong presumption that the charge or claim is well founded; it would be contrary to every principle of reason, and to all experience of human conduct, to form any other conclusion." This presumption arises in two events: first, when the party has evidence in his power and within his reach with which he may repel the claim or charge

against him, and omits to produce it. Where the evidence is equally accessible to both parties, we do not think this presumption would arise. The witness in this case was present in the court-room; his name was given by the defendant, and he was as accessible to the State as to the accused, and under these circumstances the mere failure by the defendant to introduce him did not give rise to any presumption that his testimony would have been unfavorable to him. This presumption arises in the second place when the party, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature. This part of the section was certainly not pertinent, because the defendant did not introduce any testimony at all. He relied upon his statement of the occurrence; and this he had a legal right to do. The presumption is applicable to the comparative weight of evidence. It has no reference to evidence as compared to the unsworn statement of the defendant; and certainly the court could not properly intimate to the jury that the statement of the defendant was inferior to and weaker than the evidence; for the jury may, in its discretion, believe the statement in preference to the sworn testimony of the witnesses. Penal Code, §1010. We think this instruction was not only inapt and not pertinent to the case, but was calculated to mislead the jury, to the prejudice of the defendant.

The principle embraced in §989 of the Political Code is of doubtful application in criminal cases where the defendant fails to introduce any testimony, but relies solely upon his statement. If applicable at all in such cases, it is only where the statement of the accused discloses the existence of testimony accessible to him, and not accessible to the State, or of such as it would be unreasonable for the State to use, on account of special relationship, by which he may repel the charge against him. The latter clause can not be applicable at all where the accused introduces no testimony. The adverse presumption arises under this part of the section where the accused "relies upon evidence of a weaker and inferior nature, having more certain and satisfactory evidence in his power," which is not within the reach of the State.

*Judgment reversed.*